### NIELSEN et al. v. LIBBY, McNEILL & LIBBY.

(District Court, N. D. Illinois, E. D. December 15, 1920.)

No. 1108.

Patents ⊂⇒328—1,268,601, claims 6, 7, 12–15, and 1,268,602, for improvement in agitating means, held invalid.

The Nielsen patents, No. 1,268,601, claims 6, 7, 12–15, and No. 1,268,602, for improvements in means for agitating the contents of a tank by an agitator resembling an ordinary screw propeller, *held* invalid, considering the state of the prior art.

In Equity. Suit by Niels D. Nielsen and another against Libby, McNeill & Libby for infringement of patents. Decree rendered for defendants.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

F. O. Richey, of Elyria, Ohio, and Brown, Boettcher & Dienner, of Chicago, Ill., for plaintiffs.

Church & Rich, of Rochester, N. Y., and Banning & Banning, of Chicago, Ill., for defendant.

CARPENTER, District Judge. Suit in equity for infringement of letters patent No. 1,268,601 and No. 1,268,602, granted June 4, 1918, to Niels D. Nielsen for improvements in "agitating means." The subject-matter of both patents briefly is a means for agitating the contents of a tank, and specifically a vertical, cylindrical tank, by means of an agitator, preferably in the form of a wheel, resembling an ordinary screw propeller such as is used in driving boats, arranged upon the inner end of a shaft extending through the side of the vessel near its bottom.

The first patent shows a tank having the central portion of its bottom convex; the second patent shows a tank or vat with a concave bottom. Both patents in suit show tanks provided with jackets, into which a heating or cooling medium may be introduced to vary the temperature; but this feature is not mentioned in any of the claims in issue.

Infringement is charged of claims 6, 7, 12, 13, 14, and 15 of the first patent, and each of the six claims of the second patent. I am of opinion that both patents are invalid, considering the state of the prior art. British patent to Bolt, No. 21,912, 1900; Marchand patent, No. 273,569; Mauldin patent, No. 1,057,567. The language of the Supreme Court in Marchand v. Emken, 132 U. S. 195, 10 Sup. Ct. 65, 33 L. Ed. 332, in passing upon a decree holding Marchand patent, No. 273,569, invalid, is singularly appropriate:

"The pretense that the complainant had discovered some occult and wonder-working power in the motion of a screw revolving in the bottom of a tub is not sustained by the proof. Whether the contents of the tub be oxygenated water, or soap, or lye, or tartaric acid, the action will be the same. That rotary, eddying motions in liquid will result from the revolving screw, that the liquid will rise highest at the periphery of the tub, and thus have the tendency, at the top, to fall towards the center, were well-understood operations of centrifugal force. As every device, apparatus, formula, law of nature, motion, and ingredient adopted by the complainant was old, the patent must be held invalid, unless it can be said that giving to oxygenated water a well-known rotary motion springs 'from that intuitive faculty of the mind put forth in the search for new results or new methods, creating what had not before existed, or bringing to light what lay hidden from vision.' Hollister v. Benedict Manufacturing Co., 113 U. S. 59, 72. No such faculty has been tasked in giving form to this patent. There is here no sufficient foundation upon which to rest a claim which, if construed as broadly as the complainant insists it should be, practically makes all pay tribute who stir the mixture in question by machinery, and by hand also, provided substantially the same movement can be produced by hand stirring, and this seems to be a disputed question upon the proof. The complainant's claim to be enrolled upon the list of inventors is based upon propositions too theoretical and visionary for acceptance."

A decree may be prepared, finding both patents invalid as to the claims relied upon.